IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02903-GPG

TERRANCE M. FARRELL III,

     Plaintiff,

v.

RICK RAEMISCH,
ANTHONY DeCESARO,
WARDEN FALK,
DAVE BOOTH,
C/O GRESHENKO,
JASON LENGRICH,
BARRY GOODRICH,
DAVE HERNANDEZ,
ANGIE TURNER,
KEITH NORDELL, and
CELIA SCHWARTZ,

     Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Terrance Farrell, III, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the Buena Vista Correctional

Complex-Main & Boot Camp at Buena Vista, Colorado.  Plaintiff initiated this action by

submitting *pro se* a Prisoner Complaint that asserts a deprivation of his constitutional

rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. The Court reviewed the

Complaint and directed Plaintiff to amend and comply with Fed. R. Civ. P. 8.  On

November 28, 2014, Plaintiff filed an Amended Complaint.

The Court must construe Plaintiff's Amended Complaint liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Plaintiff will be directed to file a Second Amended Complaint for the following reasons.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims.  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d

881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

The Amended Complaint is thirty-eight pages long, which is ten pages longer than the original complaint.  The Amended Complaint is repetitive, contains unnecessary legal comment, asserts vague violations of Plaintiff's constitutional rights without stating personal participation by any named defendant, and does not present claims in a short and concise format.  A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).

The Court, however, will give Plaintiff one last opportunity to cure the deficiencies in the Complaint by submitting a Second Amended Complaint that meets the requirements of Rule 8.  Also, pursuant to the Court's Information and Instructions for Filing a Prisoner Complaint, found on the Court's website, a complaint, including the form and additional pages used to complete the form, may not exceed thirty pages.

Plaintiff is reminded that to state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also must assert personal participation by each named defendant in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th

Cir. 1976).  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Finally, Plaintiff cannot maintain claims against prison officials or administrators on the basis that they denied his grievances.  The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").  Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file a Second Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Plaintiff fails to file a Second Amended Complaint that complies with this Order, within the time allowed, the Court may dismiss the Complaint and the action without further notice.

DATED December 9, 2014, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge