IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02903-MSK-CBS

TERRENCE M. FARRELL, III,
    Plaintiff,
v.

CELIA SCHWARTZ,
    Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Defendant's "Motion to Dismiss Second Amended Complaint (Doc. 10)." Pursuant to the Order Referring Case dated February 23, 2015 (Doc. # 13) and the memorandum dated May 6, 2015 (Doc. # 34), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, Mr. Farrell's Response (filed May 27, 2015) (Doc. # 39), Defendant's Reply (filed June 9, 2015) (Doc. # 47), Mr. Farrell's additional Response (filed August 17, 2015) (Doc. # 56), Mr. Farrell's Supplemental Brief (filed September 14, 2015) (Doc. # 57), the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises.

I.    Statement of the Case

    Mr. Farrell is currently incarcerated at the Boulder County Jail in Boulder, Colorado. At the time of the filing of this civil action, he was incarcerated at the Buena Vista Correctional Facility ("BVCF") of the Colorado Department of Corrections in Buena Vista, Colorado. Mr. Farrell commenced this case *in forma pauperis* on October 24, 2014. (*See* Doc. # 1 (Complaint), Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. # 3), "Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915" (Doc. # 4)). At the

court's direction, Mr. Farrell filed an Amended Complaint on November 28, 2014 and a Second Amended Complaint ("SAC") on January 20, 2015.  (*See* Orders (Docs. # 5, # 9), Amended Prisoner Complaint (Doc. # 7), SAC (Doc. # 10)).  On February 20, 2015, the court entered an order dismissing all Defendants and claims except the retaliation claim asserted against Defendant Schwartz.  (*See* "Order to Dismiss in Part and to Assign in Part" (Doc. # 12), Doc. # 10 at 21 of 29, ¶¶ 1-4, 6).  In his remaining claim, Mr. Farrell alleges pursuant to Title 42 U.S.C. § 1983 that Defendant Schwartz retaliated against him in violation of his First Amendment rights.  (*See* SAC (Doc. # 10) at 21 of 29, ¶ 6).

II.     Standard of Review

Defendant moves to dismiss the SAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter."  Defendant's assertion of Eleventh Amendment immunity constitutes a challenge to the allegations of subject matter jurisdiction in the SAC.  *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) ("an assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court");  *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000) ("Once effectively asserted [Eleventh Amendment] immunity constitutes a bar to the exercise of federal subject matter jurisdiction.") (original emphasis omitted)).  As the party asserting jurisdiction, Mr. Farrell bears the burden of establishing that this court has jurisdiction to hear his claims.  *See Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) ( "Mere conclusory allegations of jurisdiction are not enough; the party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction.") (internal quotation marks and citations omitted).

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."

> In reviewing a motion to dismiss, this court must look for plausibility in the complaint.   Under this standard, a complaint must include enough facts to state a claim to relief that is plausible on its face.  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

*Corder v. Lewis Palmer School Dist. No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (internal quotation marks and citations omitted).  The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Because Mr. Farrell appears *pro se*, the court reviews his "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (court's role is not to act as pro se litigant's advocate).  The court should not "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

III.    Analysis

Section 1983 creates a cause of action where a  "person . . . under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected,

3

any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution." Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616-18 (1979). "To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

Mr. Farrell alleges that Defendant Schwartz retaliated against him in violation of his First Amendment rights. (*See* SAC (Doc. # 10) at 21 of 29, ¶ 6). He alleges that she was the law librarian at BVCF. (*See* Doc. # 10 at 3 of 29, ¶ 10). He alleges that she "filed a false disciplinary report" against him, claiming that he threatened her, and that the disciplinary report "ultimately was dismissed by the disciplinary committee." (*See id.* at 21 of 29, ¶ 6).

A.     Liability of Defendant in her Official Capacity

Mr. Farrell does not specify whether he is suing Defendant in her official capacity, her individual capacity, or both. (*See* Doc. # 10). To the extent that he is suing her in her official capacity, he is actually attempting to impose liability on her employer, the Colorado Department of Corrections ("CDOC"). *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against a state official in his or her official capacity is treated as a suit against the state). The CDOC is considered an agency of the State of Colorado. *See* Colo. Rev. Stat. § 24-1-128.5. The Eleventh Amendment provides for the sovereign immunity of a state or state actors sued in federal court. *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007). "[W]hen a suit seeks money damages

4

against an official of a state agency, suing that official in his or her official capacity, then the real party in interest is the state, and the suit is barred by the Eleventh Amendment." *Id.* (internal quotation marks and citation omitted). The Eleventh Amendment confers total immunity from suit, not merely a defense to liability. *Ambus v. Granite Board of Education*, 995 F.2d 992, 994 (10th Cir. 1993) (citation omitted). To the extent that Mr. Farrell is suing Defendant in her official capacity for money damages, such claim is properly dismissed without prejudice for lack of subject matter jurisdiction.

The Eleventh Amendment does not always bar actions in federal court seeking injunctive relief against state officials. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908) (holding that the Eleventh Amendment generally does not bar official-capacity claims seeking prospective injunctive relief from a state official). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n. 10 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State.") (internal quotation marks and citation omitted). In addition to money damages, Mr. Farrell seeks "'[a]ppropriate declaratory and other injunctive and/or equitable relief as to each defendant in his official capacity." (*See* Doc. # 10 at 29 of 29). At the time Mr. Farrell filed this lawsuit, he was incarcerated at the BVCF. He is currently incarcerated at the Boulder County Jail. His request for injunctive relief falls squarely within the mootness doctrine, as any injunctive relief directed to Defendant would have no practical impact now that he is no longer incarcerated at the BVCF. *See, e.g., Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (dismissing as moot a prisoner's First Amendment claim for declaratory relief after prisoner was transferred to a different prison); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (prisoner's transfer to another prison mooted his claims for injunctive and declaratory relief); *Woulard v. Food Service*, 294 F. Supp. 2d 596, 602 (D.

5

Del. 2003) (inmate's transfer from state prison to federal prison mooted his claim for injunctive relief against state prison officials pursuant to § 1983).

Nor is this the type of claim to which an exception to the mootness doctrine applies, as there is no reasonable expectation that Mr. Farrell will be subjected to the alleged conduct again. *See Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (recognizing exception to the mootness doctrine where there is a "reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party") (internal quotation marks and citation omitted). *See also City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) ("[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality."). Mr. Farrell's request for declaratory, injunctive, or equitable relief is properly dismissed as moot.

B.   Qualified Immunity

The Eleventh Amendment does not bar actions for damages against state officials in their individual capacities. *See Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985). To the extent that Mr. Farrell is suing Defendant in her individual capacity, personal capacity suits seek to impose personal liability upon a government official for actions she takes. *Graham*, 473 U.S. at 165-67.

Defendant in her individual capacity raises the defense of qualified immunity. Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry. First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, . . . the

> court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.

*Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted). "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Id.*

       1.      Claim for Retaliation in Violation of First Amendment Rights

Mr. Farrell alleges that he engaged in conduct protected by the First Amendment when he notified Keith Nordell "numerous times of [Schwartz's] unlawful conduct through the warden's office and stamped from the warden's office on Sept. 29th, 2014." (*See* Doc. # 10 at 21 of 29, ¶ 5). He alleges that on September 30, 2014, Defendant Schwartz retaliated against him by filing "a false disciplinary report of 'Threats.'" (*See id.* at ¶ 6).

Prison "officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights . . . even where the action taken in retaliation would be otherwise permissible." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir.1998) (internal quotation marks and citation omitted). *See also Duncan v. Magelssen*, No. 07-cv-01979-MSK-MEH, 2009 WL 712387, at *6 (D. Colo. Mar. 16, 2009) ("It is well settled that prisoners' filing of grievances is activity protected by the First Amendment"). [1] Nevertheless, "an inmate is not inoculated from the normal conditions of confinement . . . merely because he has engaged in protected activity." *Peterson*, 149 F.3d at 1144. "[I]t is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison, and our retaliation jurisprudence does not change this role." *Id.* Therefore, "[a]n inmate claiming retaliation must

---

[1] Copies of unpublished cases cited are attached to this Recommendation.

allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Peterson*, 149 F.3d at 1144 (internal quotation marks and citation omitted).  To state a viable First Amendment retaliation claim, Mr. Farrell must allege (1) that he sought to exercise his First Amendment rights by filing a grievance; (2) that Defendant was aware of his attempt to file grievances; (3) that as a result of that awareness, Defendant took action to impose an adverse consequence on him; and (4) that the consequence would chill a person of ordinary firmness from engaging in the constitutionally protected activity.  *Williams v. Klien*, 20 F. Supp. 3d 1171, 1175 (D. Colo. 2014) (citations omitted).  *See also Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1203 (10th Cir. 2007) ("There are three necessary elements of a retaliation claim: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.")

　　　Defendant argues that Mr. Farrell fails to plausibly allege the elements of his claim for retaliation in violation of the First Amendment.  The court agrees.  First, Mr. Farrell does not plausibly plead that his filing of grievances was constitutionally protected.  He alleges that he was subjected to "unlawful conduct" by Defendant Schwartz that the court has dismissed as legally frivolous.  (*See* Doc. # 12 at 13-15 of 16).  He alleges that "Defendant Nordell is the policy maker responsible for unlawful policies listed in this count seven and fails to supervise subordinate [Celia Schwartz]."  (*See* Doc. # 10 at 21 of 29, ¶ 5).  He then alleges that "Nordell has been notified numerous times of this unlawful conduct" that the court has dismissed as legally frivolous.  Any grievance Mr. Farrell filed regarding such conduct would likewise be

8

frivolous and may not be the basis of a retaliation claim.  *Brown v. Craven*, No. 03-11273, 106 F. App'x 257, 258 (5th Cir. July 26, 2004) (citation omitted).

Second, Mr. Farrell does not plausibly plead that based on her awareness of his attempt to file grievances, Defendant took action to impose an adverse consequence on him.  He does not identify in his pleading any specific dates on which he filed the grievances for which Defendant Schwartz allegedly retaliated against him.  He does not allege that Defendant Schwartz was aware of his complaints about her.  Rather, he alleges that her supervisors failed to supervise her.  Mr. Farrell alleges that he notified Keith Nordell "numerous times of [Defendant Schwartz's] unlawful conduct through the warden's office" and that "Mr. Nordell and Mr. Lengrich fail[ed] to take corrective action."  (*See* Doc. # 10 at 21 of 29, ¶¶ 5, 7).  He does not allege that Defendant Schwartz was notified of his complaint that was "stamped from the warden's office on Sept. 29th, 2014" before she issued the disciplinary report the next day on September 30, 2014.  (*See id.*).  Mr. Farrell fails to allege specific facts to support a plausible claim that Defendant Schwartz was substantially motivated by his protected activity, and that but for his protected activity, she would not have filed the disciplinary report.

Third, Mr. Farrell fails to plausibly plead that he suffered any injury due to Defendant's actions.  He alleges that the disciplinary report was dismissed by the disciplinary committee. (*See* Doc. # 10 at 21 of 29 , ¶ 6).  His own arguments indicate that he was not deterred "from further exercising his constitutional rights."  (*See* Doc. # 39 at 12 of 24 ("Nevertheless Plaintiff stays the course . . . Plaintiff is unique in this context.")).  Mr. Farrell fails to allege that he has suffered any harm, let alone harm sufficient to chill a person of ordinary firmness from continuing to engage in constitutionally protected activity.  *See Rocha v. Zavaras*, No. 11-1132, 443 F. App'x 316, 317-19 (10th Cir. Sept. 26, 2011) (inmate placed on "restricted privilege" status that limited his access to recreation activities, caused him to be assigned to segregated

9

housing, delayed his calls to the mess hall, restricted his canteen purchases, and prevented him from contacting other inmates was not conduct having a sufficient chilling effect to support a First Amendment retaliation claim).

Fourth, Mr. Farrell's allegations in support of his claim are conclusory. He summarily claims that on September 30, 2014, "[i]n retaliation" Defendant "filed a false disciplinary report." (See Doc. # 10 at 21 of 29, ¶ 6). He cannot state a claim for retaliation or refute Defendant's Motion with mere conclusory allegations. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("[T]he court may insist that the plaintiff put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury in order to survive a prediscovery motion for dismissal . . . .") (internal quotation marks and citation omitted); *Merritt v. Hawk*, 153 F. Supp.2d 1216, 1224 (D. Colo. 2001) ("To support a claim of unconstitutional retaliation, plaintiff's complaint may not be conclusory."); *Baker v. Smith*, 771 F. Supp. 1156, 1158 (D.Kan. 1991) ("A complaint that contains only conclusory allegations of a deprivation of a constitutional right and thus fails to supply a sufficient factual basis . . . to state a cause of action and must be dismissed") (citations omitted). Even when viewed in a light most favorable to Mr. Farrell, his generalizations do not state a claim for retaliation.

As the court concludes that Mr. Farrell fails to state any plausible constitutional violation, Defendant in her individual capacity is entitled to qualified immunity. The court need not reach the "clearly established" prong of qualified immunity to conclude that Mr. Farrell's claim fails. *See Wilder*, 490 F .3d at 815 (instructing district court on remand to enter judgment in favor of defendant on basis of qualified immunity, where plaintiff failed to carry his burden to show violation of a constitutional right).

C.     Compensatory Damages under the Prison Litigation Reform Act

Under the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "The statute limits the remedies available . . . if the only injuries are mental or emotional." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (holding that PLRA bars compensatory damages absent physical injury). Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *Id.* (applying section 1997e(e) to plaintiff's First Amendment claim for free exercise of religion). Mr. Farrell seeks compensatory damages for mental and emotional distress. (*See* Doc. 10 at 29 of 29). However, the SAC includes no allegations that he suffered a physical injury relating to his claim that Ms. Schwartz "filed a false disciplinary report . . . ." (*See id.* at 21 of 29). Mr. Farrell's request for compensatory damages is barred under the PLRA.

D.     Punitive Damages

Although section 1997e(e) bars recovery of compensatory damages for failure to allege physical injury, it does not bar recovery of punitive damages or declaratory or injunctive relief. *Searles v. Van Bebber*, 251 F.3d 869, 881 (10th Cir. 2001) ("[A]s a general rule, punitive damages may be recovered for constitutional violations without a showing of compensable injury."). Individual defendants sued in their individual capacity may be liable for punitive damages to plaintiff if the officials' conduct "is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). Even if the court accepts

11

Mr. Farrell's allegations as true, he merely contends that Defendant's report was false and later dismissed by the disciplinary committee. He does not allege that Defendant maliciously intended to harm him or was recklessly indifferent to the potential harm to him. *See Lavicky v. Burnett*, 758 F.2d 468, 477 (10th Cir.1985) (denying punitive damages where "there was no evidence of malice, wantonness, or oppressiveness"). Mr. Farrell's sparse factual allegations do not state a claim against Defendant that would warrant an award of punitive damages. Further, the court's conclusion that Mr. Farrell fails to state a § 1983 claim against Defendant precludes his claim for punitive damages.

E.     Exhaustion of Administrative Remedies

Defendant argues that Mr. Farrell failed to exhaust his prerequisite administrative remedies under the PLRA. The PLRA provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The "PLRA's exhaustion requirement applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). *See also Booth v. Churner*, 532 U.S. 731, 731–32 (2001) (PLRA requires exhaustion in all matters regardless of remedy sought and availability of remedy at the agency level).

The PLRA's requirement that an inmate exhaust all available administrative remedies before initiating suit is mandatory. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). *See also Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003) (finding that the exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it.").

"Since the PLRA makes exhaustion a precondition to filing a suit, an action brought before administrative remedies are exhausted must be dismissed." *Ruppert v. Aragon*, No. 11-2144, 448 F. App'x 862, 863 (10th Cir. Feb. 9, 2012) (citing 42 U.S.C. § 1997e(a)).  *See also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Fitzgerald v. Corrections Corp. of Am.*, 403 F.3d 1134, 1140-41 (10th Cir. 2005) (The PLRA requires exhaustion as a "precondition" to bringing litigation and requires dismissal where a litigant has failed to complete exhaustion before initiating a suit). "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules,—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (internal quotation marks and citation omitted). Thus, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

The CDOC has a Grievance Procedure available to inmates which entails a formal three-step written grievance procedure. (See CDOC Administrative Regulation ("AR") No. 850–04). A court may take judicial notice of agency rules and regulations. *Ray v. Aztec Well Service Co.*, 748 F.2d 888, 889 (10th Cir.1984). *See also Muniz v. Kaspar*, No. 07–cv–01914–MSK–MJW, 2008 WL 3539270, at * 3 (D.Colo. Aug. 12, 2008) (taking "judicial notice of AR 850–04, the administrative regulation describing the grievance process"). AR 850–04 requires an inmate to file a Step 1 grievance, a Step 2 grievance, and a Step 3 grievance. (See AR 850–04 Section IV. C. 5.). The inmate must state in writing the grievance and the relief requested. (See AR 850–04 Section IV. C.). A Step 1 grievance must be filed no later than thirty calendar days after

13

the date the prisoner knew, or should have known, of the facts giving rise to the grievance. (*See* AR 850–04 IV. F. 1. a.). Staff has 25 days to respond. (*See id.* at IV. F. 1. b.) The inmate then has 5 days to file his Step 2 grievance, to which staff has 25 days to respond. (*See id.* at IV. F. 1. b. and d.) The inmate has 5 days to file his Step 3 grievance, to which the grievance officer has 45 days to respond. (*See id.* at IV. F. 1. c.). In the event the time limit concerning any step of the process expires without a response, the inmate may proceed to the next step within five calendar days of the date the response was due. (See AR 850–04 IV. H. 1. d.).

Mr. Farrell alleges that Defendant Schwartz retaliated against him on September 30, 2014. (*See* Doc. # 10 at 21 of 29, ¶ 6). Mr. Farrell filed his initial Prisoner Complaint on October 24, 2014, 24 days after the alleged false report by Defendant Schwartz on September 30, 2014. (*See* Doc. # 1). He filed his Amended Complaint on November 28, 2014, 59 days after Defendant Schwartz's report. (*See* Doc. # 7). Mr. Farrell signed his SAC on December 30, 2014 and filed it on January 2, 2015, 90 days after the alleged false report by Defendant Schwartz. (*See* Doc. # 10). Mr. Farrell's own allegations indicate that "[o]n average it takes 120 days to exhaust administrative remedies." (*See* Doc. # 10 at 24 of 29, ¶ 6; AR 850-04(IV)(F)). Based on the pleadings and the applicable law, Mr. Farrell could not have completed the grievance process regarding his claim against Defendant prior to filing any of his pleadings in this civil action. Thus, he could not have exhausted his administrative remedies regarding his claim against Defendant Schwartz.[2] Mr. Farrell's claim may be properly dismissed for failure to exhaust the prerequisite administrative remedies.

---

[2] Mr. Farrell argues that administrative remedies were not available to him because he "was placed on grievance restriction." (*See* Doc. # 39 at 5-6 of 24). However, he indicates that his grievance restriction occurred on December 3, 2014, long after the deadlines for exhausting his administrative remedies as to his remaining claim against Defendant Schwartz. (*See id.* at 5-6, 21 of 24). His own arguments and allegations also indicate that he was filing grievances in August and September of 2014 and that he filed 13 grievances in a 30-day period in October and November of 2014. (*See id.* at 21 of 24, Doc. # 10 at 21-22 of 29, ¶¶ 2, 5, 8, 11, 14).

14

Accordingly, IT IS RECOMMENDED that Defendant's "Motion to Dismiss Second Amended Complaint (Doc. 10)" (filed April 27, 2015) (Doc. # 29) be GRANTED and this civil action be dismissed for lack of subject matter jurisdiction over Plaintiff's claim for money damages against Defendant in her official capacity and for failure to state a claim to which relief can be granted.

**Advisement to the Parties**

Within **fourteen days** after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar de novo review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those

15

portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 16th day of December, 2015.

BY THE COURT:

    s/Craig B. Shaffer    
United States Magistrate Judge