**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 14-cv-2903-MSK-CBS**

**TERRANCE M. FARRELL III,**

    **Plaintiff,**

**v.**

**CELIA SCHWARTZ,**

    **Defendant.**

---

**ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATION**

---

**THIS MATTER** comes before the Court on the Magistrate Judge's Recommendation (**#64**) that Defendant's Motion to Dismiss **(#29)** be granted and that all claims dismissed. The Plaintiff filed Objections **(#66)** and the Defendants responded to those Objections (**#68**).

**I.**    **Background**

*Pro se* Plaintiff, Terrance M. Farrell III, was an inmate at the Buena Vista Correctional Facility (BVCF) during the time pertinent to this action. He asserts one claim for First Amendment retaliation against Defendant Celia Schwartz, a law librarian at the BVCF.[1]

The relevant facts or factual allegations are as follows.[2] The CDOC employs an administrative grievance process that all inmates claiming constitutional violations against

---

[1]    Mr. Farrell's Complaint alleged various claims under 42 U.S.C. § 1983 against the Colorado Department of Corrections (CDOC) and several individual officers (**#10**). All claims, except for First Amendment retaliation against Ms. Schwartz, were dismissed *sua sponte* (**#12**).

correctional officers or the CDOC must follow before filing a lawsuit. The CDOC grievance process is set forth in Administrative Regulation No. 850-04 ("AR-850"). An inmate is first given the opportunity to informally resolve a complaint. If the inmate is not satisfied with the informal resolution, he or she must proceed to the three-step Formal Grievance and Response Procedure. *See* AR 850-04, Section IV. C. 2. The formal process involves a Step 1 grievance, an appeal at Step 2, and eventually, a final appeal at Step 3. *See* AR 850-04, Section IV. C. 2.

On August 12, 2014, Mr. Farrell used a law library computer to create a document that he considered to be an "administrative communication . . . related to a legal matter." Complaint (**#10**), 21, ¶ 4. Ms. Schwartz deleted the file because she did not consider it a legal document. Mr. Farrell made two requests for informal resolution regarding this incident and other concerns related to Ms. Schwartz's actions. On September 9, Mr. Farrell submitted an informal resolution form in which he complained that Ms. Schwartz neglected to schedule, or lost, his requests for time in the law library. On September 20, he submitted a second request for an informal resolution, complaining that Ms. Schwartz copied and deleted his legal documents. The Complaint does not state the outcome of these requests.[3]

On September 30, 2014, Ms. Schwartz filed a disciplinary report, in which she claimed that Mr. Farrell threatened her. This report was dismissed by the disciplinary committee. On

---

[2]     In light of Mr. Farrell's *pro se* status, the Court has reviewed and considered the Complaint in its entirety, including allegations supporting those claims that have been previously dismissed.

[3] The Complaint generally states that Mr. Farrell filed "grievances" regarding Ms. Schwartz's conduct, but it does not specify these by date, subject matter or outcome. It also alleges that Ms. Schwartz's supervisors, Mr. Nordell and Mr. Lengrich, were "notified numerous times" of Ms. Schwartz's unlawful conduct "through the warden's office and stamped . . . on September 29, 2014." *Id.*, ¶ 5. Again, these allegations are general without reference to date, content or outcome.

October 19, 2014, Mr. Farrell filed a Step 1 grievance alleging that after he used the administrative remedy system, Ms. Schwartz filed a "frivolous COPD report for 'threats,'" in unlawful retaliation for his exercise of his First Amendment rights. *See* **#47-1**, page 5. Mr. Farrell initiated this lawsuit five days later, on October 24, 2014. There is no evidence that he sought informal resolution or that he completed Steps 2 and 3 of the grievance process.

Ms. Schwartz moved to dismiss Mr. Farrell's remaining claim pursuant to Fed. R. Civ. P. 12(b)(1) and (6), and Mr. Farrell responded (**#39**). On referral from this Court, the Magistrate Judge recommended that the Motion to Dismiss be granted, and Mr. Farrell objects.

## II.     Standard of Review

The Court reviews objected-to portions of a Magistrate Judge's recommendation *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). Because Mr. Farrell appears *pro se*, the Court reviews his pleadings (including his Complaint and objections) liberally, and holds them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Trackwell v. United States Government*, 472 F.3d 1242, 1243 (10th Cir. 2007).

## III.    Discussion

Ms. Schwartz's Motion to Dismiss (**#29)** requests that Mr. Farrell's claim against Ms. Schwartz be dismissed under Fed. R. Civ. P. 12(b)(1) because Mr. Farrell failed to exhaust his administrative remedies before bringing this suit. The Magistrate Judge agreed, finding that although Mr. Farrell initiated the administrative grievance process, he did not complete it before filing this lawsuit.   This Court agrees.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e (the PLRA) requires inmates to exhaust all available administrative remedies before filing a civil lawsuit. *See* 42 U.S.C. §

3

1997e(a).  This requirement is mandatory; the Court lacks jurisdiction over claims that have not been exhausted.  *See Jones v.* Bock, 549 U.S. 199, 219-20 (2007); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).  In determining jurisdiction under Rule 12(b)(1), the Court may consider documents outside the complaint; wide discretion is afforded to the court to examine affidavits and other evidence to resolve a jurisdictional dispute.  *Wheeler v. Hurdman*, 825 F.2d 257, 259 at n. 5 (10th Cir. 1987).

To exhaust administrative remedies, an inmate-plaintiff must comply with the full administrative process.  *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010).  Before bringing a claim in district court, an inmate must not only commence the CDOC grievance process, but must also complete it.  *Id.*; *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007).  To complete the CDOC process, as described above, an inmate must seek informal resolution, then exhaust the three-step grievance process.

The record in this case reflects that Mr. Farrell filed a Step 1 grievance on October 19, 2014.  But the affidavit of Anthony DeCessaro, a CDOC officer responsible for reviewing Step 3 grievances (**#47-1),** states that he reviewed the CDOC grievance records, and that Mr. Farrell filed a Step 1 grievance, and received a response on November 3, 2014.  Mr. Farrell then had five days in which to file a Step 2 grievance.  *See* AR 850-04(IV)(F)(1)(d).  But, Mr. DeCessaro states, there is no record that Mr. Farrell ever filed a Step 2 grievance (and thus, necessarily did not file a Step 3 grievance).  Instead, he filed this lawsuit on October 24, 2014.

Mr. Farrell does not dispute that he filed a Step 1 grievance, nor does he allege that he exhausted Steps 2 and 3.  Instead, in his Objection to the Magistrate Judge's Report and Recommendation, Mr. Farrell conclusorily argues that he was unable to exhaust his administrative remedies because he was on a grievance restriction.  In support of this argument,

he attached a log from an "Offender Portal" that listed his grievance activity (Opposition to Report & Recommendations, **#64**, pp. 10-13). The log includes the dates August 15-25, 2014; October 1-20, 2014; November 11-26, 2014; and December 1-9, 2014. Mr. Farrell contends that it shows that he was under a grievance restriction in October of 2014, and thus could not exhaust his administrative remedies. It is true that the log shows that as of August 20, 2014, Mr. Farrell was on a grievance restriction. However, the log also shows that the grievance restriction was lifted on October 16, 2014. This is consistent with the record. Mr. Farrell filed his Step 1 grievance on October 19, after the restriction was lifted. There is no evidence to suggest that from October 24-November 8, 2014, the time during which Mr. Farrell could have filed his Step 2 grievance, he was under any sort of restriction. Thus, the Court finds that Mr. Farrell has not shown that he has exhausted his administrative remedies or has been prevented from doing so.

### IV.   Conclusion

Accordingly, the Court adopts the Recommendation of the Magistrate Judge, and **GRANTS** the Motion to Dismiss (**#29**). The case is dismissed without prejudice and Clerk shall close it.

DATED this 23rd day of March, 2016.

BY THE COURT:

Marcia S. Krieger
United States District Court